NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

TANIELA F. KIVALU,

Plaintiff-Appellant,

v.

DAVID J. SHULKIN,[*] Secretary, Veterans
Administration; et al.,

Defendants-Appellees.

No. 16-17359

D.C. No. 2:16-cv-02929-DJH

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 23, 2017[***]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Taniela F. Kivalu appeals pro se from the district court's judgment

dismissing his claims related to the Veterans Administration's denial of his

---

[*]     David J. Shulkin has been substituted for his predecessor, Eric
Shinseki, as Secretary of Veterans Affairs.

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

benefits.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction.  *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Kivalu's action for lack of subject matter jurisdiction because the United States Courts of Appeals for Veterans Claims and the Federal Circuit have exclusive jurisdiction over questions that relate to benefits administered by the Veterans Administration.  *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (the Veterans' Judicial Review Act precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions).  However, we vacate the judgment to the extent that it dismissed Kivalu's action with prejudice, and remand for entry of dismissal without prejudice.  *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We treat Kivalu's contention regarding the denial of his motion for official

transcripts as a motion for reconsideration, and deny the motion.

**AFFIRMED in part, VACATED in part, and REMANDED.**